```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

                          PORTLAND DIVISION

MARK CURTIS FERNANDEZ,                              CV. 09-467-HU

              Petitioner,             FINDINGS AND RECOMMENDATION
     v.

RICK COURSEY,

              Respondent.
```

Kristina Hellman
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

    Attorneys for Respondent

HUBEL, Magistrate Judge

    Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28

1 -- FINDINGS AND RECOMMENDATION

U.S.C. § 2254. For the reasons set forth below, petitioner's habeas corpus petition should be denied on the basis that it is untimely.

## BACKGROUND

On April 6, 2001, petitioner was convicted of Murder, Kidnapping the First Degree, and Kidnapping in the Second Degree. Petitioner was sentenced to a 25-year term of incarceration, to be followed by post-prison supervision for life.

On May 2, 2001, petitioner filed a direct appeal. The Oregon Court of Appeals affirmed petitioner's conviction from the bench. Petitioner did not seek review by the Oregon Supreme Court. The appellate judgment issued on December 16, 2003.

Almost two years later, on or about October 25, 2005, petitioner filed a timely petition for state post-conviction relief. The state court denied post-conviction relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. The appellate judgment issued on May 11, 2009.

Petitioner filed the instant proceeding several days prior to the entry of the state appellate judgment. On June 30, 2009, I granted respondent's unopposed motion to deem the petition dismissed and refiled as of May 12, 2009.

///

///

2 -- FINDINGS AND RECOMMENDATION

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

In the instant proceeding, it is undisputed that petitioner's habeas corpus petition is untimely by virtue of the fact that the one-year federal limitation expired prior to the time that petitioner sought state post-conviction relief. Petitioner argues that the limitation period should be equitably tolled because when

3 -- FINDINGS AND RECOMMENDATION

he was convicted, and for a time thereafter, he suffered from serious mental health problems. Petitioner contends that "[w]hen those problems subsided", he was able to file a timely state post-conviction proceeding, but the one-year federal statute of limitations had expired. Petitioner argues that he thus "fell into the trap created by the interplay of Oregon's two-year post-conviction deadline and the one-year limit created by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).

The Ninth Circuit has rejected petitioner's contention that the interplay between Oregon's two-year limitation on state post-conviction relief, and the federal one-year limitation period creates a "trap" for Oregon prisoners:

> This argument fails for multiple reasons. First, there is no "trap." It is unreasonable for a federal habeas petitioner to rely on a state statute of limitations rather than the AEDPA's statute of limitations. Second, every Oregon prisoner is free to use the full two years of Oregon's longer statute of limitations. If, however, he also seeks federal relief, he must conform his petition to the federal rules. The federal statute of limitations does not diminish the right of Oregon prisoners to get state relief; it only affects their right to secure federal relief. Third, Ferguson's argument, if accepted, would create substantial problems. How would it be fair if Oregon prisoners got more time to file federal petitions than other state prisoners? What if a state had no statute of limitations? Could the prisoner bring a federal habeas petition fifty years after his conviction? A hundred years? What of federal interests in finality? Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003) (internal quotations omitted).

I decline petitioner's invitation to hold otherwise. Petitioner also moves the court to equitably toll the federal limitation period on the basis of his mental health problems. It is well settled that § 2244(d)(1) is subject to equitable tolling upon a showing that (1) petitioner was pursuing his rights diligently; and (2) some extraordinary circumstances stood in his way and prevented a timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); Lakey v. Hickman, 2011 WL 451958 * 4 (9th Cir. Feb. 10, 2011). It is imperative that the "extraordinary circumstances" be the cause of the petition's untimeliness. Lakey, 2011 WL 451958 *4; Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001), reh'g on en banc, 295 F.3d 1046 (9th Cir. 2002).

In the instant proceeding, petitioner contends that he suffered from serious mental health problems at the time of trial. Petitioner asserts that these problems continued after his conviction. Petitioner offers exhibits indicating that he was diagnosed as suffering from Bipolar Disorder and Schizoaffective Disorder. The exhibits reveal that he was admitted to the Special Management Unit (SMU) on May 1, *2002*, and discharged in July, *2002*, to the COPE (Challenge of Prison Experience) Program for continued mental health care treatment. Petitioner was terminated from the COPE Program on March 5, 2004. The discharge summary from the COPE Program indicates that petitioner made good progress in the program.

5 -- FINDINGS AND RECOMMENDATION

Petitioner has failed to demonstrate that his confinement in the SMU in 2002, or his continuing mental health care treatment was an extraordinary circumstance that precluded him from timely filing a federal habeas corpus petition in 2004. To the extent that petitioner's confinement in the SMU constitutes an extraordinary circumstance, respondent correctly points out that petitioner was confined in the SMU during the time period his direct appeal was pending. Hence, the federal one-year limitation period had yet to be triggered. 28 U.S.C. § 2244(d)(1)(A). Moreover, absent a showing that his continuing mental health problems prevented him from filing a timely federal petition, I conclude that there is no basis for equitable tolling of the federal one-year limitation period beginning December 17, 2003, through its expiration one year later.

## CONCLUSION

Based on the foregoing, petitioner's amended habeas petition (#28), should be denied on the basis that it is untimely. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability should be denied. See 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 21, 2011. If no

objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due April 7, 2011. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this __1st__ day of March, 2011.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge

7 -- FINDINGS AND RECOMMENDATION